UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOSEPH WHITE, et al.,

        Plaintiffs,

        v.                               Case No. 00-C-1388

HEARTLAND HIGH-YIELD
MUNICIPAL BOND FUND, et al.,

        Defendants.
_____

## O R D E R

Defendant PricewaterhouseCoopers, LLP ("PwC") has filed four motions *in limine*, and the plaintiffs have also filed four motions *in limine*. The court addresses the motions below.

I.     PwC's motions *in limine*

    A.   Scope of potential liability under Section 11

PwC moves to preclude any argument by plaintiffs that PwC may be liable under Section 11 for anything other than a material misstatement or omission in the audit reports it issued on the financial statements of Heartland High-Yield and Short Duration Funds for the years ending December 31, 1997, 1998, and 1999.

The plaintiffs argue that an accountant is liable for any portion of a registration statement that the accountant certified. 15 U.S.C. § 77k(a)(4);

*Herman & Maclean v. Huddleston*, 459 U.S. 375, 381 n.11 (1983) ("Accountants are liable under § 11 only for those matters which purport to have been prepared or certified by them.").

PwC concedes that the financial statements are fair game for evidence and argument concerning any alleged material misstatements or omissions. (PwC's reply brief [docket #358] at 1.) The court agrees that evidence and argument concerning any alleged misstatements or omissions in the audit reports or the audited financial statements are proper. The plaintiffs do not argue that liability under § 11 is broader than this. PwC's motion *in limine* shall be denied.

B.  PwC's independence

PwC moves to preclude any argument by plaintiffs that PwC may be held liable because its "independence" as an auditor was somehow compromised. PwC, however, concedes that the plaintiffs may argue that PwC's acquiescence to any request from Heartland resulted in some error in PwC's work that rendered its audit reports materially false or misleading. (PwC's brief [docket #328] at 2.)

The plaintiffs argue that the court should not exclude an e-mail authored by Sherri L. Schickert, PwC's audit manager for the Funds' years ending in December 31, 1997, 1998, or 1999, that arguably suggests that PwC acquiesced to Heartland's request to eliminate the Merrill Lynch pricing service in

connection with its 1998 audit irrespective of the merits of such request. Plaintiffs' expert, Robert Berliner, opines that PwC's acquiescence to Heartland's request to eliminate the Merrill Lynch pricing service without any consideration of the appropriateness of the request casts doubt about PwC's degree of independence. According to the plaintiffs, the argument is relevant to whether PwC's audit was done in compliance with Generally Accepted Audit Standards ("GAAS").

PwC does not argue that the e-mail should be excluded. PwC merely seeks to exclude "any undisclosed and unsupported opinion or argument" that PwC failed to maintain independence from Heartland. (PwC's reply brief [docket #356] at 1.) The court will not exclude the e-mail, nor will it exclude Berliner's opinion. Berliner's opinion concerning PwC's independence is supported because it is based upon the Schickert e-mail, and it was disclosed in his report. *(See* Berliner Report at 4-22.) PwC's motion shall be denied.

C. Opinion testimony that the bonds held by the Funds were illiquid

PwC moves to preclude testimony by plaintiffs' experts that the bonds held by the Funds during the years 1997, 1998, and 1999 were illiquid. PwC argues that Robert Berliner did not opine in his report that the bonds held by the Funds were illiquid and should, therefore, be precluded from offering that opinion at trial. PwC concedes that Kenneth Willman did offer an opinion in his report

regarding the liquidity of the bonds held by the Funds.  PwC, however, claims that Willman's opinions are speculative and inadmissible under Fed. R. Evid. 702.  Specifically, PwC argues that Willman has only testified to a mere *possibility* that the bonds were illiquid or that the bonds *could* have been found illiquid under Heartland's procedure.

The plaintiffs argue that Berliner's report and supplemental report contain Berliner's opinions regarding the liquidity of the bonds.  (*See* plaintiffs' response brief [docket #350] at 9-10.)  PwC does not reply to this argument.  With respect to Willman, the plaintiffs point out that Willman opined that many of the bonds were *probably* illiquid and that some of the bonds *should* have been determined to be illiquid.  (*See* plaintiffs' response brief [docket #350] at 13-17.) PwC does not reply to this argument either.  For these reasons, the court denies PwC's motion.[1]

### D.  Opinion testimony of Michael J. Barclay

PwC moves to exclude in part the testimony of plaintiffs' damages expert, Michael J. Barclay.  PwC argues that Barclay cannot determine damages under Section 11(e), 15 U.S.C. § 77k(e), because Barclay erroneously assumed that the price of shares in the Funds as set by Heartland on October 17, 2000, is their

---

[1]Moreover, neither Berliner nor Willman's opinions are based upon an unreliable methodology simply because they did not perform a specific test of liquidity, as PwC acknowledges.  (*See* PwC's reply brief [docket #357] at 2.)  The court also finds that the testimony of the plaintiffs' experts is relevant to the issues that remain in this case and would be helpful to the finder of fact.

value as of the time suit was filed in this case. PwC also argues that Barclay should be precluded from testifying about damages for shares sold prior to October 16, 2000.

The plaintiffs argue that the value of a security rarely differs from its price, that determination of value is a fact-intensive inquiry that is properly determined by the trier of fact, and that the redemption price is the proper price at which to measure damages under Section 11 where the securities are not traded on an open and efficient market. With respect to shares sold prior to October 16, 2000, the plaintiffs argue that no Seventh Circuit decision has held that any price decline occurring before disclosure of the misrepresentations and omissions cannot be charged to the defendant under Section 11(e).

The court will not preclude Barclay from testifying because he equated the value of the shares at the time of suit with the price of the shares set by Heartland in October 2000. PwC has not shown that Barclay's methodology is inherently unreliable; instead, PwC acknowledges that Barclay's assumption that the market price of a security equals its value is usually correct. (PwC's reply brief [docket #355] at 1.) PwC is free to argue to the jury that the assumption is not correct in this case and that some other amount should have been used to calculate damages, but that is an argument that goes to the weight and credibility of Barclay's opinion, not its admissibility.

The court will not preclude Barclay from testifying about damages for shares sold prior to October 16, 2000. If the court were in the chair of the fact-finder, it may agree with PwC's argument that no damages incurred before October 16, 2000, could be attributable to the misstatements or omissions that were disclosed to the public on October 16, 2000. PwC, however, has not cited to any Seventh Circuit authority that precludes testimony regarding price decline occurring before disclosure of the misrepresentations and omissions. The court suggests that PwC preserve this issue by tendering a jury verdict form that instructs the jury to specify damages for shares that were sold prior to October 16, 2000. If PwC is able to find any Seventh Circuit authority establishing that a lack of causation is established as a matter of law with respect to damages incurred prior to disclosure, PwC may include the authority in a post-trial motion. PwC's motion *in limine*, however, shall be denied.

II. Plaintiffs' motions *in limine*

    A. SEC's failure to proceed against PwC in connection with the Heartland matter

The plaintiffs move to preclude PwC from introducing evidence or otherwise referring at trial to the fact that the SEC did not bring an enforcement action against PwC in connection with the Heartland matter.

The court agrees that SEC inaction does not support any inference as to a defendant's culpability. (*See* plaintiffs' motion [docket #332] at 1-3.) PwC acknowledges that it is usually inappropriate to make inferences as to a party's culpability from the fact that the SEC took no action against that party. (PwC's response brief [docket #340] at 2.) Although PwC argues that this may be an exceptional case, PwC did not tender one case in which a court held that such an inference was appropriate. The plaintiffs' motion shall be granted. PwC shall not introduce evidence or otherwise refer at trial to the fact that the SEC did not bring an enforcement action against PwC in connection with the Heartland matter.

B. Individualized issues of the class representative

The plaintiffs move to preclude PwC from introducing evidence or advancing argument concerning individualized issues relating to the class representatives, including class representatives' (1) individual certifications and proof of claim forms in the prior settlement, (2) retention agreements with counsel, (3) letters of complaint, (4) account statements. The plaintiffs argue that the particular circumstances of individual class representatives is irrelevant and would cause undue prejudice to the class.

PwC states that it will not seek to introduce any evidence regarding the particular circumstances of class representatives if the representatives are not

called to testify; however, if the representatives testify, PwC states that it is entitled to cross-examine their testimony. PwC's position is eminently reasonable. The court denies the plaintiffs' motion.

    C.  Disclosures made in portions of the registration statements other than the financial statements

The plaintiffs argue that the court should preclude PwC from making the argument that the allegedly false and misleading statements and omissions in the Funds' certified financial statements are rendered immaterial because of disclosures in other portions of the registration statement or prospectus.

PwC argues that the jury must be able to assess the total mix of information available to the investor so that it may decide whether the misstatement or omission is material.

The briefs related to this motion discuss issues in the abstract and do not specifically describe what disclosures PwC may wish to highlight for the jury; as a result, the court cannot determine whether the disclosures are contradictory and piece-meal or clear and complete. Because the plaintiffs have not specifically identified what evidence the court should exclude or whether exclusion of the unidentified disclosures is appropriate, the court denies the plaintiffs' motion. If PwC attempts to introduce any irrelevant evidence or evidence that would confuse the jury, the plaintiffs remain free to interpose an appropriate objection.

D. Settlement agreement; SEC consent orders; SEC complaint; and receiver court filings

The plaintiffs move to preclude PwC from introducing evidence or advancing argument concerning (1) the settlement between the plaintiff class and the original Heartland defendants; (2) consent orders between the SEC and the outside directors of Heartland and the SEC and the IDC; (3) SEC's complaint against Heartland and its inside directors and officers; and (4) court filings by the Heartland Receiver other than as necessary to calculate damages.

PwC states that it does not intend to refer to the settlement between the plaintiff class and the Heartland defendants. However, PwC intends to introduce the SEC complaint and SEC consent orders to show that the SEC made various findings as to wrongdoing that do not include PwC. PwC also intends to introduce Receiver documents to calculate damages and to establish facts about the nature of the bonds.

The court grants the plaintiffs' motion to preclude any evidence concerning the settlement between the plaintiff class and the Heartland defendants as well as the SEC complaint and consent orders. The parties agree with respect to evidence concerning the settlement, and the court has already determined that PwC shall not introduce evidence or otherwise refer at trial to the fact that the SEC did not bring an enforcement action against PwC in connection with the

Heartland matter. The court denies the plaintiffs' motion to preclude court filings by the Receiver. The plaintiffs concede that some of the documents are relevant to compute damages. During trial, the plaintiffs are free to object to specific documents that they believe may cause them unfair prejudice.

Accordingly,

IT IS ORDERED that PwC's motions *in limine* [docket #'s 327, 328, 329, 330] be and the same are hereby DENIED;

IT IS FURTHER ORDERED that plaintiffs' motions *in limine* [docket #'s 334, 336] be and the same are hereby DENIED;

IT IS FURTHER ORDERED that plaintiffs' motion *in limine* [docket # 332] be and the same is hereby GRANTED; PwC shall not introduce evidence or otherwise refer at trial to the fact that the SEC did not bring an enforcement action against PwC in connection with the Heartland matter;

IT IS FURTHER ORDERED that plaintiffs' motion *in limine* [docket # 338] be and the same is hereby GRANTED in part and DENIED in

part; the parties shall not introduce evidence or otherwise refer at trial to the settlement between the plaintiff class and the Heartland defendants or to the SEC complaint or consent orders.

Dated at Milwaukee, Wisconsin, this   28th   day of November, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge