# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH WHITE,

        Plaintiff,                      Case No. 00-C-1388

    v.

HEARTLAND HIGH-YIELD MUNICIPAL
BOND FUND, et al.

        Defendants.

## AMENDED HEARING ORDER IN CONNECTION WITH SETTLEMENT

Upon consideration and review of the Amended Stipulation of Settlement dated March 6, 2006 (the "Stipulation"), executed on behalf of the Lead Plaintiffs and PricewaterhouseCoopers LLP ("PwC"), and upon consideration of all prior proceedings in this case, the Court hereby preliminarily approves the proposed Amended Stipulation in this action for the purpose of scheduling a Settlement Fairness Hearing, and further **ORDERS AND DECREES** as follows:

    1.    The terms that are capitalized herein shall have the meaning ascribed to those terms in the Amended Stipulation, unless otherwise defined herein.

    2.    The Settlement as set forth in the Amended Stipulation is preliminarily approved as fair, reasonable and in the best interest of the Settlement Class solely for the purpose of scheduling a Settlement Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Settlement Fairness Hearing shall be held by this Court in Courtroom 425 of the United States Courthouse and Federal

Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202 at 10:00 a.m. on June 8, 2006, for the following purposes:

    (a) to determine whether the proposed Settlement of the Class Action against Defendant PwC on the terms and conditions provided for in the Amended Stipulation is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court;

    (b) to determine whether the Final Judgment as provided under the Amended Stipulation should be entered, dismissing the Complaint filed herein on the merits and with prejudice as to the Settling Defendant PwC;

    (c) to determine whether the proposed Plan of Allocation described in the Notice is fair, reasonable and in the best interests of the Settlement Class and should be approved by the Court;

    (d) to consider the application by Lead Counsel for the Fee and Expense Award for Plaintiffs' Counsel; and

    (e) to rule upon such other matters as the Court may deem appropriate.

    3. The Notice substantially in the form attached hereto as Exhibit 1, the Summary Notice substantially in the form attached hereto as Exhibit 2, the Claimant Identification Schedule and Release and the Proof of Claim and Release substantially in the form attached hereto as Exhibits 3 and 4, are hereby approved. The Notice and Summary Notice, and the manner of giving notice as set forth below, comply with the requirements of the Local Rules of this Court, Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation

Reform Act of 1995 (the "Reform Act") and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

   4. Lead Counsel shall cause the Notice, Claimant Identification Schedule and Release and Proof of Claim to be mailed, by first class mail, postage prepaid, no later than April 7, 2006, to all Class Members whose names and addresses are listed in the transfer records of U.S. Bancorp Fund Services, LLC (formerly known as and/or successor to Firstar Mutual Fund Services, LLC). Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased shares of the High-Yield Funds during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed to forward within ten (10) business days of receipt of the Notice, Claimant Identification Schedule and Release and Proof of Claim copies of those documents to their beneficial owners or to provide the Settlement Administrator with lists of the names and addresses of the beneficial owners, and the Settlement Administrator is ordered to send the Notice, Claimant Identification Schedule and Release and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice, Claimant Identification Schedule and Release and Proof of Claim shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Settlement Administrator of proper documentation, for the reasonable expense actually incurred in sending

the Notice, Claimant Identification Schedule and Proof of Claim Forms to beneficial owners.

5. Lead Counsel shall cause the Summary Notice to be published once in *The Milwaukee Journal Sentinel* and once in the national edition of *The Wall Street Journal*. Such publication shall be made no later than April 7, 2006.

6. In order to be entitled to participate in the distribution of the Net Class Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) Any Settlement Class Member whose claim was approved in connection with the Heartland Settlement approved by this Court on July 18, 2002 or the Interactive Settlement approved by this Court on July 16, 2004 shall share in this Settlement according to his or her pro rata share of this Settlement as determined by his purchases of Fund shares during the Class Period May 1, 1998 through October 16, 2000 unless he or she excludes himself or herself. Such Class Members shall be required to fill out and timely submit to the Settlement Administrator a Claimant Identification Schedule and Release, substantially in the form attached hereto as Exhibit A-3.

(b) Any Settlement Class Member whose claim in connection with the Heartland or Interactive Settlement was denied as untimely or due to insufficient documentation who is a member of this Settlement Class based on the dates of his purchases of shares in the Funds may participate in the Settlement if he or she submits a properly executed Proof of Claim and Release, substantially in the form

attached hereto as Exhibit A-4, to Berdon Claims Administration LLC, the Settlement Administrator, at the post office box indicated in the Notice, not later than May 10, 2006. Such deadline may be further extended by Court order. A Proof of Claim or Claimant Identification Schedule and Release shall be deemed to have been submitted when posted.

7. Any Proof of Claim and Release filed by a Settlement Class Member must satisfy the following conditions: (I) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim and Release; and (iv) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. As part of the Proof of Claim and Release, each Settlement Class Member shall release all Settled Class Claims as provided in the Amended Stipulation.

8. On June 1, 2006, seven (7) days before the Settlement Fairness Hearing, Lead Counsel shall file with the Court any appropriate affidavits, documents and such other proof as may be available, and that are sufficient to warrant a finding

that Lead Counsel have complied with the Notice requirements of this Hearing Order.

9. Each Claimant shall be deemed to have submitted to the jurisdiction of this Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Class Action or the Settlement in connection with processing of the Proofs of Claim.

10. All Settlement Class Members, whether or not they file a Claimant Identification Schedule and Release or Proof of Claim and Release within the time period provided for herein, shall be barred from asserting any claims against the Settling Defendant based upon, arising out of or otherwise related to the Settled Class Claims, and all Settlement Class Members shall conclusively be deemed to have released any and all such claims with prejudice.

11. Each and every Class Member shall be bound by all determinations and judgments in this Class Action concerning the Settlement, whether favorable or unfavorable, unless such person shall submit, by first class mail, a written request for exclusion from the Settlement Class, postmarked no later than May 10, 2006, addressed to Settlement Administrator, Heartland Securities Litigation Exclusions, c/o Berdon LLP, P.O. Box 9014, Jericho, NY 11753-8914. No Class Member may exclude himself, herself of itself from the Settlement Class after that date. In order to be valid, each such request for exclusion must set forth the name, address,

telephone number and capacity (including evidence of incumbency) of any person(s) purporting to represent the Class Member requesting exclusion and must state that such Class Member "requests exclusion from the Settlement Class in <u>White v. Heartland High-Yield Municipal Bond Fund et al.</u>, Case No. 00-C-1388." Class Members requesting exclusion must also provide the following information: the number of shares of the Heartland High-Yield Municipal Bond Fund and/or the Heartland Short Duration High-Yield Municipal Fund purchased or otherwise acquired, either directly or by dividend re-investment, during the period from and including May 1, 1998 through and including October 16, 2000, and the date(s) and price(s) of such purchases, the number(s) of shares of the High-Yield Funds sold during the Class Period, the date(s) and price(s) of such sales and the number of shares of the High-Yield Funds still owned as of the close of trading on October 16, 2000. All requests for exclusion must be signed by or on behalf of the Class Member so requesting the exclusion. If a request for exclusion does not include all of the foregoing information, it shall not be a valid request for exclusion. The Settlement Administrator shall provide copies of each such request for exclusion to Lead Counsel and Settling Defendants' Counsel no later than five (5) days prior to the Settlement Fairness Hearing.

12. Class Members who have requested exclusion from the Settlement Class pursuant to the Notice shall not be entitled to receive any payment out of the Net Class Settlement Fund as described in the Amended Stipulation and Notice.

- 7 -

13. If the Amended Stipulation becomes effective, only persons who are Authorized Claimants shall have rights in the distribution of the Net Class Settlement Fund.

14. Any Class Member who has not requested exclusion in the time and manner specified in paragraph 12 hereof may appear at the Settlement Fairness Hearing in person, or through duly authorized counsel of his, her or its choice, and show cause, if any, why the proposed Settlement as set forth in the Amended Stipulation is not fair, reasonable and adequate, why the Final Judgment contemplated by the Settlement should not be entered, or why the proposed Settlement, the Plan of Allocation and the application by Lead Counsel for the Fee and Expense Award, should not be approved. However, no such Settlement Class Member will be heard and no papers or briefs will be considered in opposition to the proposed Settlement, entry of Final Judgment, the Plan of Allocation or Lead Counsel's application for the Fee and Expense Award, unless that Settlement Class Member has filed with the Clerk of this Court, no later than May 25, 2006, showing due proof of service, by hand or by first class mail, postage prepaid, on Lead Counsel and the Settling Defendants' Counsel as designated in the Notice, the following documents: a written objection, any supporting memoranda or other papers and information, documentary proof of membership in the Class, and a written statement signed by the Settlement Class Member and setting forth (a) the name, address, and telephone number of the Settlement Class Member; and (b) the number or amount, and price, of shares of the Heartland High-Yield Municipal Bond Fund and/or the Heartland Short Duration High-Yield Municipal Fund purchased

during the Class Period, either directly or through dividend re-investment, and the date of each such purchase with proof thereof. Unless otherwise ordered by this Court, any Settlement Class Member who does not make timely objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, to the entry of the Final Judgment contemplated by the Settlement, to the Plan of Allocation, or to the Fee and Expense Award to Lead Counsel. Any Settlement Class Member who does not enter an appearance shall be represented at the Settlement Fairness Hearing by Lead Counsel.

15. Only Settlement Class Members shall have any right with respect to approval of or objection to the Settlement, the Plan of Allocation or the application by Lead Counsel for the Fee and Expense Award. Any Settlement Class Member wishing to preserve appellate rights with respect to the Settlement or the Fee and Expense Award to Lead Counsel must object in the manner specified in the Notice and appear at the Settlement Hearing.

16. Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, no Person, either directly, indirectly, representatively or in any other capacity, shall continue, commence or prosecute or voluntarily facilitate the continuation, commencement or prosecution of any and all claims based upon or otherwise related to the Settled Class Claims.

17. All proceedings and all discovery with respect to Settling Defendant PwC in the Class Action are stayed pending further order of this Court.

18. In the event the Settlement is disapproved or terminated in accordance with the terms of the Amended Stipulation, the Class Escrow Agent shall, within ten days of notice of disapproval or termination, refund the Settlement Fund, plus all accrued interest thereon to PwC in accordance with the Amended Stipulation.

19. This Court may, from time to time and without further notice to Settlement Class Members, continue or adjourn the Settlement Fairness Hearing and approve the proposed Settlement at or after the hearing without further notice and with such modification, if any, as may be agreed upon by the parties.

20. This Court reserves exclusive jurisdiction over: (I) implementation of this Settlement and distribution to Authorized Claimants, pursuant to further orders of this Court; (ii) disposition of the Settlement Fund; (iii) the Class Action, until the Final Judgment has become effective, and each and every act agreed to be performed by the undersigned parties shall have been performed pursuant to the Amended Stipulation; (iv) the Class Action, for the purpose of implementing distribution to Settlement Class Members in accordance with the Notice; and (v) all undersigned parties, for the purpose of enforcing and administering the Amended Stipulation and the Settlement.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge

- 10 -

Case 2:00-cv-01388-JPS   Filed 04/03/06   Page 10 of 10   Document 413